**\*NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
CYNTHIA A. SIWULEC,                        :
on behalf of herself and all others        :
similarly situated,                        :
                                           :
          Plaintiff,      :     Civil Action No.: 10-1875 (FLW)
                                           :
v.                                         :
                                           :        **OPINION**
CHASE HOME FINANCE, LLC,                    :
                                           :
          Defendant.      :
_____:

**WOLFSON, United States District Judge:**

Plaintiff Cynthia A. Siwulec ("Plaintiff") brings this putative class action on behalf of others similarly situated against Defendant Chase Home Finance LLC (hereinafter "Defendant" or "Chase") for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 _et seq._ (hereinafter "FDCPA"). In the present matter, Defendant moves to dismiss Plaintiff's Amended Complaint on the basis that Plaintiff fails to state a FDCPA claim because she did not plead sufficiently that Chase is a "debt collector" under the FDCPA. Because the Court finds that Plaintiff has not sufficiently plead that Defendant is a "debt collector," for the reasons given below, Plaintiff's Complaint is dismissed without prejudice.

**I.    Background**

The following facts are derived from the Amended Complaint and taken as true for the purposes of this motion. Plaintiff asserts that in January 2003, she entered into a mortgage loan with "WAMU" (a.k.a. Washington Mutual). Compl., ¶ 12. Thereafter, Chase began servicing the loan. _See_ Compl., ¶¶ 7-8. Plaintiff alleges that on December 7, 2009, Chase sent her a

written notice, which was attached to the Amended Complaint, notifying Plaintiff that she was in default of her mortgage (the "Notice"). <u>See</u> Letter-Notice dated December 7, 2009. Based upon the Notice, Plaintiff alleges, without more, that in sending the letter Chase was acting as a "debt collector" under the FDCPA, that Chase "is regularly engaged in the collection of debts allegedly owed by consumers," and, "[u]pon information and belief, [Chase] purchased the debt at a time when the debt was alleged to be in default." <u>Id.</u> In that regard, Plaintiff stresses that the Notice includes the following language: "We are a debt collector. This is an attempt to collect a debt, and any information obtained will be used for that purpose." <u>See Id.</u> The Notice also states that it is a "DEBT VALIDATION NOTICE" and ends by stating: "THE INFORMATION ABOVE IS PROVIDED IN COMPLIANCE WITH THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT." <u>Id.</u>

Plaintiff purports to bring two FDCPA claims based upon alleged improprieties with the December 7, 2009 Notice. Specifically, Plaintiff alleges that the written notice failed to include the required notice under the FDCPA and this omission was in violation of §1692(a)(5), which requires a debt collector to give 30-day notice within five days of its communication with the consumer. <u>Id.</u> at ¶ 24. Plaintiff also avers that Chase violated §1692(e) of the FDCPA by falsely suggesting in the Notice that the consumer would be required to pay unspecified charges as well as accrued interest in order to reinstate the loan. <u>Id.</u> at ¶ 23. The only basis for the motion to dismiss, however, is that Plaintiff has not properly pled that Defendant is a "debt collector" under the purview of the statute.

## II.     Standard of Review

When reviewing a motion to dismiss on the pleadings, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled

to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir.2008) (citation and quotations omitted). In Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007), the Supreme Court clarified the 12(b)(6) standard. Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 1968 (quoting Conley, 355 U.S. at 45-46). Instead, the factual allegations set forth in a complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965. As the Third Circuit has stated, "[t]he Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 127 U.S. at 1965).

   In affirming that Twombly standards apply to all motions to dismiss, the Supreme Court recently explained the principles. First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948-49, 173 L.Ed.2d 868 (2009). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. Therefore, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1949. Ultimately, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir.2009).

3

Moreover, in deciding a motion to dismiss, the Court may consider the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of Plaintiffs' claim. Lum v. Bank of Am., 361 F.3d 217, 222 n. 3 (3d Cir.2004).

The Third Circuit recently reiterated that "judging the sufficiency of a pleading is a context-dependent exercise" and "[s]ome claims require more factual explication than others to state a plausible claim for relief." West Penn Allegheny Health System, Inc. v. UPMC, --- F.3d ----, 2010 WL 4840093, *8 (3d Cir., Nov. 29, 2010). This means that, "[f]or example, it generally takes fewer factual allegations to state a claim for simple battery than to state a claim for antitrust conspiracy." Id. That said, the Rule 8 pleading standard is to be applied "with the same level of rigor in all civil actions." Id. at *7 (quoting Ashcroft v. Iqbal, ---U.S. ----, 129 S.Ct. 1937, 1953, 173 L.Ed.2d 868 (2009)).

## III.   Discussion

The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.SC. § 1692(e). As a threshold requirement, a plaintiff seeking relief under the FDCPA must assert that the defendant is a "debt collector." See Pollice v. National Tax Funding, L.P., 225 F.3d 379, 403 (3d Cir. 2000); F.T.C. v. Check Investors, Inc., 502 F.3d 159, 171 (3d Cir.2007). The Act defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another" or "any creditor who, in the process of collecting his own debts, uses any name other than his own which would

4

indicate that a third person is collecting or attempting to collect such debts."   15 U.S.C. § 1692(a)(6).  By contrast, a creditor is a person or business who "offers or extends to offer credit creating a debt or to whom a debt is owed."  Id.  As noted by the Third Circuit, absent from the definition of "debt collector" is a creditor seeking to collect its own debt.  See Pollice, 225 F.3d at 403 (citation omitted).  In Aubert v. American General Financial, Inc., the Seventh Circuit elaborated on why creditors are excluded from the FDCPA's enforcement provisions:

> Creditors who collect in their own name and whose principal business is not debt collection ... are not subject to the Act....Because creditors are generally presumed to restrain their abusive collection practices out of a desire to protect their corporate goodwill, their debt collection activities are not subject to the Act unless they collect under a name other than their own.

137 F.3d 976, 978 (7th Cir.1998).  In turn, courts have declined to extend FDCPA liability to those creditors who place debts in collection with a collection agency. Challenger v. Experian Information Solutions, Inc., 2007 WL 895774, at *2 (D.N.J. Mar. 22, 2007) (finding that a defendant "may 'place [its] ... debts in collection[ ],' as [Plaintiff's] complaint alleges, without becoming a debt collector") (citation omitted); Jones v. Select Portfolio Servicing, Inc., 2008 WL 1820935, at *7 (E.D. Pa. Apr. 22, 2008).

On the other hand, while courts have held that "an assignee of an obligation is not a 'debt collector' if the obligation is not in default at the time of the assignment," an assignee "may be deemed a 'debt collector' if the obligation is already in default when it is assigned." Pollice, 225 F.3d at 403.  In other words, in the context of this case, a creditor may be considered a debt collector under the FDCPA if that creditor begins financing a debt at a time when the debt is already in default. In addition to asserting that the defendant is a "debt collector" under the Act, a plaintiff must also show, as a threshold requirement, that the defendant is engaged in "prohibited practices" under the FDCPA in an attempt to collect a debt. F.T.C., 502 F.3d at 167.

Chase argues that Plaintiff's claim fails as a matter of law because Chase is not a "debt collector" under the FDCPA.  In that regard, Chase contends that Plaintiff has not alleged sufficient facts to support the assertion that her loan was in default before Chase began servicing the loan; Chase submits that the Complaint merely asserts that Plaintiff's debt was "alleged to be in default."[1]  See Complaint ¶8.  Therefore, Chase argues that without factual allegations supporting Plaintiff's assertion that she was in default when Chase "purchased the loan," Plaintiff cannot demonstrate that Chase was acting as a "debt collector" under the FDCPA and her claim fails to "rise to the level of plausibility" required by Iqbal and Twombly.

In response, Plaintiff contends Chase, which she characterizes as a "large, complex entity with many subsidiaries and subdivisions," could be considered a bank and a debt collector, or contain entities that are one or the other.  To make that determination, Plaintiff maintains that the question is not whether Chase meets the legal definition of a debt collector under the FDCPA, but whether Chase would be perceived by the least sophisticated consumer as being a debt collector.  In this case, Plaintiff submits that the least sophisticated consumer would perceive Chase as a debt collector, and relies heavily on Defendant's written notice to Plaintiff which stated that Chase was a "debt collector" and it was providing "an FDCPA notice".  Plaintiff's Opposition, page 10.  Plaintiff argues that the notice's FDCPA language at least suggests that

---

[1]        Chase argues that the December 7, 2009 letter upon which Plaintiff relies was sent over a year after Chase began servicing Plaintiff's loan in September 2008. Furthermore, Chase argues that its records indicate that Plaintiff was not in default on her loan until November 2009, preventing Plaintiff from alleging she was in default at the time Chase began servicing her loan. To support this argument, Chase requests that the Court to consider the September 25, 2008 Purchase and Assumption Agreement ("P&A Agreement") under which JP Morgan Chase purchased WaMu assets and took over the servicing of WaMu-serviced loans.  Paragraph 12 of the Complaint states that "defendant is a major banking institution that has hundreds of mortgages outstanding and has purchased hundreds of mortgages in default.  The original creditor of this loan is WAMU."  In this regard, because Plaintiff references Chase's purchase of Plaintiff's mortgage loan from WAMU, the Court can consider the P&A Agreement.  While the Court does not dismiss this case based on the information contained in the P&A Agreement, the Court notes that by examining the Agreement, Chase started servicing the loan on September 25, 2008, well over a year before the Notice of default was sent on December 7, 2009.

Chase is a debt collector under the FDCPA "more often than sometimes," and that the only alternative explanation for the Letter's language is that Chase "purposefully chooses which accounts to identify itself as a debt collector on, meaning either it is a debt collector as to Plaintiff's account, or it is attempting to deceive the consumer into thinking it is a debt collector, which is likewise deceptive and in violation of the FDCPA." Id. Because Plaintiff's argument is premised upon an improper interpretation of the law, this Court rejects Plaintiff's position.

Plaintiff's Complaint fails to meet the threshold burden of alleging that Chase is a "debt collector" under the FDCPA. Plaintiff incorrectly states that the threshold inquiry for evaluating claims under the FDCPA is what the "least sophisticated consumer" would perceive as a debt collector; this position is contrary to all FDCPA precedent. See Pollice, 225 F.3d at 403 and F.T.C., 502 F.3d at 171 (Both stating that as a threshold requirement, a plaintiff seeking relief under the FDCPA must sufficiently assert that the defendant is a "debt collector."); Crenshaw v. Computex Information Service, Inc., 2010 U.S. Dist. LEXIS 74553, at * 16 (D.N.J. July 21, 2010) ("As a threshold matter … the court must find that Evergreen, a creditor, is a "debt collector as defined within the FDCPA."); see also Motley v. Homecomings Financial, LLC, 557 F.Supp. 2d 1005, 1008 (D. Minn. 2008) ("In order to establish a violation of the FDCPA, Plaintiff's must, as a threshold matter, demonstrate that Homecomings is a "debt collector."); Dokumaci v. MAF Collection Services, 2010 U.S. Dist. LEXIS 37107, *4 (M.D. Fl. Apr. 14, 2010) ("In order to state a claim under the FDCPA, a plaintiff must show: (1) that he has been subject to a collection activity arising from a consumer debt; (2) that the defendant is a debt collector as defined by the FDCPA; and (3) that the defendant has participated in an act or omission prohibited by the FDCPA."). The "least sophisticated consumer" standard is applicable in evaluating a defendant's alleged FDCPA violations once that defendant has been found to be a

debt collector as defined by the statute; it is not an applicable standard to find whether a defendant is a "debt collector."  Plaintiff has failed to cite *any* law, and the Court has not found any, in support of her interpretation of the pleading requirements under the FDCPA,

Next, having found that Plaintiff must first meet the threshold burden, the Court finds that the Complaint does not allege sufficiently that Chase is a debt collector under the FDCPA. Rather, the Complaint makes unsupported legal conclusions that Chase is a debt collector under the FDCPA. See Complaint at ¶¶ 7-8 (stating that "Defendant is regularly engaged in the collection of debts allegedly owed by consumers" and "Defendant is a "Debt Collector" as that term is defined by ¶1692(a)(6) of the FDCPA").  Plaintiff's inclusion of Chase's December 2009 written notice does not cure this deficiency.  The "debt collector" and "FDCPA" language used in the written notice is not dispositive of Chase's status as a debt collector for Plaintiff's loan. The mere use of "debt collection" language does not make a party a proper defendant under the FDCPA since the Act specifically defines "debt collector" to include persons or entities whose "principal purpose" is the collection of debts or who regularly collects debts due or owed another. See 28 U.S.C. §1692(a)(6).

While the Third Circuit has not had the occasion to speak on this issue, the Seventh Circuit has illustrated this point in Nwoke v. Countrywide Home Loans, Inc., 251 Fed.Appx. 363, 365 (7th Cir. 2007).  In that case, the plaintiff argued that the defendant Countrywide's status as a debt collector was in dispute because Countrywide sent the plaintiff a letter stating that it was a "debt collector."  The Seventh Circuit rejected this argument explaining that Countrywide's statement that it was a debt collector "has nothing to do with whether Countrywide is a 'debt collector' for purposes of the FDCPA."  Nwoke, 251 Fed.Appx. at 365. The court acknowledged that while Countrywide "sometimes operates as a debt collector," it was

not a "debt collector" under the FDCPA, because it was attempting to collect its own debt from the plaintiff. Id. Similarly, the court in Somin v. Total Community Managemnet Corp., 494 F.Supp. 2d 153, 160 (E.D.N.Y. June 26, 2007), did not consider "debt collector" language used by the defendant in determining whether the defendant was in fact a debt collector under the FDCPA. There, the court stated that it did not matter that the defendant bank was alleged to have used debt collection language in its correspondence with the plaintiff because "the debt that the Bank was collecting, was its own." Therefore, the court granted the bank's motion to dismiss on the ground that it was not a debt collector under the FDCPA. Id. Accordingly, contrary to Plaintiff's argument, she cannot rely on Chase's written notice to support her allegations that Chase is a "debt collector" within the definition of the FDCPA.

Finally, Plaintiff's allegations, separate from Chase's "debt collection" language used in its written notice, also fall short of supporting her claim that Chase is a "debt collector" under the statute. Specifically, Plaintiff has not alleged sufficiently that Chase began servicing Plaintiff's loan at a time when the loan was in default. Plaintiff only alleges that "upon information and belief" Chase purchased Plaintiff's debt when it was "alleged" to be in default. Compl., ¶ 8. These allegations merely parrot the language of the statute. Compare 15 U.S.C. § 1692a(6)(F)(iii) (the term "debt collector" does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person."). Importantly, Plaintiff does not allege that her debt was in default at the time Chase allegedly "purchased it" and Plaintiff also does not allege the date on which her debt was supposedly "purchased" or the date on which she allegedly went into default. While Plaintiff is not required at this stage to know the exact date Chase began servicing the loan, she is required to plead some

facts – rather than <u>no</u> facts -- that would raise her claim above the speculative level. <u>See</u> <u>Poltrock</u> <u>v. NJ Auto. Accounts Mgmt. Co., Inc.</u>, 2008 WL 5416396, at *2 (D.N.J. Dec. 22, 2008) ("Plaintiff's bald assertion that DCH is a 'debt collector' is insufficient to confer liability under the FDCPA."); <u>Jones</u>, 2008 WL 1820935 at *8 ("Although Plaintiff makes the bald legal conclusion that Defendant is a 'debt collector,' she puts forth no allegation that the mortgage at issue was in default at the time SPS started servicing it." (internal citation omitted)); <u>see also</u> <u>Motley</u>, 557 F.Supp. 2d at 1009 (dismissing FDCPA claim against mortgage servicer where complaint did not plead any facts to support that loans were in default when servicing rights were transferred to defendant).[2]

Accordingly, the Court holds that Plaintiff's allegations that Chase is a "debt collector" under the FDCPA are insufficient under the <u>Iqbal</u> and <u>Twombly</u> standard.  Therefore, Plaintiff's Complaint is dismissed without prejudice.


Dated:  December 7, 2010                                      /s/        Freda L. Wolfson
                                                             Freda L. Wolfson, U.S.D.J.

---

[2]     Plaintiff suggests in her Opposition Brief that Chase may be liable under 15 U.S.C. § 1692j, but there are no allegations in her Complaint that Chase is liable under that provision. Indeed, on a 12(b)(6) motion, the Court will only consider the allegations as set forth in Plaintiff's Complaint, and Plaintiff is precluded from asserting new allegations or claims in its opposition papers.  <u>CNA v. United States</u>, 535 F.3d 132, 138 n.3 (3d Cir. 2008).  Accordingly, the Court will not consider Plaintiff's suggestion.